IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2013 JUN -6 PM 4: 26
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| DIANNE BOILEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13cv0547 |
| ) | |
| CAPITAL BANK FINANCIAL CORP., ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| Defendant. ) | |
| ) | **JURY DEMAND** |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel and for cause of action against the Defendant, would respectfully state as follows:

### PARTIES

1. Plaintiff Dianne is a citizen of the United States, who resides in White House, Tennessee, Sumner County. At all times material, Plaintiff was employed by Defendant, Capital Bank Financial Corporation (hereinafter "Capital Bank").

2. Defendant, Capital Bank, is a for profit entity that with its principal place of business being 2916 Highway 31W, White House, Tennessee. Defendant employs over five hundred (500) people. Defendant can be served thru its Registered Agent: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3. This suit is brought and jurisdiction in this Court is pursuant to Section 107(a) of the Americans with Disability Act as Amended and the Family Medical Leave Act. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g). The actions which violate the



ADAAA were committed in Whitehouse, Sumner County, Tennessee where the Plaintiff worked for the Defendant and the Defendant had a place of business.

4. Plaintiff filed a charge of discrimination with the EEOC a received a right to sue letter, and has met all the conditions precedent to bringing this action.

5. Venue is proper as the Defendant is a resident of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

## FACTUAL ALLEGATIONS

6. Defendant is a person within the meaning of the ADAAA.

7. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, or was perceived by her employer to have the same, and the Family Medical Leave Act and Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of her former position with Defendant employer.

8. That at all relevant times, Plaintiff's disabilities prevent her from enjoying one or more major life activities. As such, Plaintiff is an individual with a disability as that term is defined in the ADAAA or she was perceived to be the same by her employer.

9. Defendant is an employer within the meaning of ADAAA. At all times, Plaintiff was discriminated and retaliated against in her employment based on her disability or perceived disability and/or for requesting leave pursuant to the FMLA.

10. Plaintiff was hired by Defendant in or about September 2007 as head teller. Plaintiff performed the essential functions of her job to the expectation of her employer.

11. Plaintiff was terminated by Defendant because of her disability or her employer's perception of her disability and for requesting time off under FMLA.

12. In or about May 2011, Plaintiff was required to undergo surgery to have one of her salivary glands removed to help her lupus and used some of her FMLA time. Plaintiff returned to work thereafter and performed the essential functions of her job to the expectations of her employer.

13. In or about January 2012, Plaintiff was admitted to the hospital due to her disability and was required to use FMLA time. In between her use of FMLA time her employer was bought out by another company. With this purchase, the policy on employee benefits such as vacation time and sick time changed. When Plaintiff requested this FMLA time, she was not informed as to how much time she had left to use or how it was being calculated.

14. In or about February 2012, Plaintiff provided medical documentation to her employer as to her need for leave and her expected return date of April 2, 2012.

15. Without warning or indication, Plaintiff received a telephone call from Defendant on March 14, 2012, informing her she had been terminated in lieu of accommodating her and providing a few additional weeks for her to recover.

16. From May 2011 until January 2012, Plaintiff was subjected to derogatory comments from other employees out in the open about her disability. Employees would discuss Plaintiff's absences and make remarks that she "could be at work anyway" and even told Plaintiff that she should just wear a scarf to hide her surgical scars and swelling and "come back to work." The statements were made in front of Plaintiff's supervisor who took no action to address the same.

17. Based on the foregoing, Plaintiff submits that she was unfairly thought of and regarded as having a disability and that Defendant discriminated and retaliated against Plaintiff

3

because of her disabilities, or the perception of the same, and request for accommodation and leave.

18. As a result, Plaintiff has suffered and continues to suffer a loss of income and other employment benefits, and suffered and continued to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

19. Plaintiff received a Right to Sue letter from the EEOC.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that the Court grant the following relief to Plaintiff:

1. That process issue and Defendant be required to respond to this Complaint within the time period prescribed by law;

2. That a jury be empanelled to hear and decide the merits and damages;

3. Order Defendant to make Plaintiff whole by providing her with appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

4. That Defendant be permanently and forever enjoined from any further prohibitive discrimination against Plaintiff;

5. Order that Defendant employer make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, embarrassment and humiliation in an amount to be proven at trial;

6. That Plaintiff be awarded compensatory damages in an amount to be determined at the trial of this cause;

4

7. That Plaintiff be awarded punitive damages, if applicable, in an amount to be determined at the trial of this cause;

8. That Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs for having to bring this manner;

9. Such other and further legal or equitable relief to which she may be entitled; and

10. That Plaintiff be granted such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted;

ALLMAN & ASSOCIATES

_____
Andy L. Allman, BPR. No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761 x203
Facsimile: (615) 264-2761
andylallman@comcast.net

_____
Andrew C. Clarke, BPR No. 15409
6250 Poplar Avenue, Second Floor
Memphis, Tennessee 38119
Telephone: (901) 590-0761
Facsimile: (901) 590-0776
aclarke@accfirm.com

*Attorneys for Plaintiff*