# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| DIANNE BOILEAU, | ) |
| Plaintiff, | ) |
| | ) Docket No. 3:13-00547 |
| CAPITAL BANK FINANCIAL GROUP, | ) JUDGE NIXON |
| | ) MAG. JUDGE GRIFFIN |
| | ) JURY DEMAND |
| Defendant. | ) |

## CASE MANAGEMENT ORDER # 1

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16(d)(1)b.2, Plaintiff Dianne Boileau ("Plaintiff") and Capital Bank Financial Corp., ("Defendant") submit this Proposed Initial Case Management Order

**A. JURISDICTION AND VENUE**

The parties do not dispute jurisdiction or venue.

**B. PARTIES' THEORIES OF THE CASE**

**1. Plaintiff's Theory of the Case**

Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, or was perceived by her employer to have the same, and the Family Medical Leave Act and Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of her former position with Defendant employer. At all relevant times, Plaintiff's disabilities prevented her from enjoying one or more major life activities. As such, Plaintiff is an individual with a disability as that term is defined in the ADAAA or she was perceived to be the same by her employer.

Defendant is an employer within the meaning of ADAAA. At all times, Plaintiff was

2377108.1

discriminated and retaliated against in her employment based on her disability or perceived disability and/or for requesting leave pursuant to the FMLA. Plaintiff was hired by Defendant in or about September 2007 as head teller. Plaintiff performed the essential functions of her job to the expectation of her employer. Plaintiff was terminated by Defendant because of her disability or her employer's perception of her disability and for requesting time off under FMLA.

In or about May 2011, Plaintiff was required to undergo surgery to have one of her salivary glands removed to help her lupus and used some of her FMLA time. Plaintiff returned to work thereafter and performed the essential functions of her job to the expectations of her employer. In or about January 2012, Plaintiff was admitted to the hospital due to her disability and was required to use FMLA time.

In between her use of FMLA time her employer was bought out by another company. With this purchase, the policy on employee benefits such as vacation time and sick time changed. When Plaintiff requested this FMLA time, she was not informed as to how much time she had left to use or how it was being calculated. In or about February 2012, Plaintiff provided medical documentation to her employer as to her need for leave and her expected return date of April 2, 2012. Without warning or indication, Plaintiff received a telephone call from Defendant on March 14, 2012, informing her she had been terminated in lieu of accommodating her and providing a few additional weeks for her to recover.

From May 2011 until January 2012, Plaintiff was subjected to derogatory comments from other employees out in the open about her disability. Employees would discuss Plaintiff's absences and make remarks that she "could be at work anyway" and even told Plaintiff that she should just wear a scarf to hide her surgical scars and swelling and "come back to work." The statements were made in front of Plaintiff's supervisor who took no action to address the same.

2377108.1

Based on the foregoing, Plaintiff submits that she was unfairly thought of and regarded as having a disability and that Defendant discriminated and retaliated against Plaintiff because of her disabilities, or the perception of the same, and request for accommodation and leave. As a result, Plaintiff has suffered and continues to suffer a loss of income and other employment benefits, and suffered and continued to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

2. **Defendant's Theory of the Case**

Defendant denies any and all allegations of wrongdoing and denies Plaintiff is entitled to any relief whatsoever.

First, Plaintiff's disability discrimination claim related to her termination fails because she cannot establish her prima facie case. In particular, Plaintiff cannot show she was qualified for her position due to her permanent absenteeism and inability to perform her job duties. Plaintiff also cannot show she requested a reasonable accommodation from Defendant.

Likewise, Plaintiff's FMLA retaliation claim fails because she cannot establish her prima facie case. Specifically, Plaintiff cannot establish a causal connection between her taking FMLA leave and her termination. Moreover, Plaintiff's employment ended for a legitimate nondiscriminatory reason. Defendant was never notified that Plaintiff was able to return to work in any meaningful manner.

Plaintiff's claims fails as a matter of law and should be dismissed.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:** Liability, defenses, and damages.

E. **INITIAL DISCOVERY:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **August 5, 2013**.

3

2377108.1

F. **DISCOVERY:** The parties shall complete all written discovery on or before **Friday, March 21, 2014.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. **Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.**

G. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **Monday, October 21, 2013.**

H. **DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **Friday, December 20, 2013.** The Defendant shall identify and disclose all expert witnesses and reports on or before **Friday, February 28, 2014.**

I. **DEPOSITION OF FACT AND EXPERT WITNESSES:** The parties shall depose all fact and expert witnesses on or before **Friday, May 30, 2014.**

J. **SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A telephone conference with Magistrate Judge Griffin to discuss case progress is set for March 3, 2014, **at 3:00 p.m., to be initiated by defendant's counsel by getting plaintiff's counsel on the phone and calling the Court at 615-736-5164 at the scheduled time.**

K. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on **June 27, 2014.** Responses to dispositive motions shall be filed within thirty-one (31) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty-five (25) pages absent leave of the Court.

L. **ALTERNATIVE DISPUTE RESOLUTION:** The parties will discuss the possibility of mediation.

M. **ELECTRONIC DISCOVERY:** The parties do not anticipate their being any electronic discovery. To the extent electronic discovery exists, the parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

N. **TRIAL DATE AND ESTIMATED TRIAL TIME:** The parties estimate that the trial in this case will take between three to four days, depending on what issues remain for trial. This action is set for Jury Trial on Tuesday, December 2, 2014.

It is so **ORDERED:**

JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

Submitted for entry:

**ALLMAN & ASSOCIATES**

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Boulevard
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2720
Email: andy@andylallman.com
pparker@hardaway.net

*Counsel for Plaintiff*


**CONSTANGY, BROOKS, & SMITH, LLP**

/s/ Mary Dohner Smith
Mary Dohner Smith, BPR No. 21451
Sarah M. Jones, BPR No. 31178
401 Commerce Street, Suite 1010
Nashville, TN 37219
Telephone: (615) 320-5200
Facsimile: (615) 321-5891
mdohner@constangy.com
sjones@constangy.com


*Counsel for Defendant*